HICKMAN v W-S EQUIPMENT COMPANY, INC

Docket No. 101922. Submitted November 15, 1988, at Detroit. Decided March 20, 1989.

Marilyn Hickman brought in Wayne Circuit Court an action under the Michigan Civil Rights Act, alleging that her employer, W-S Equipment Company, Inc., and its owner, Paul E. Johnson, were guilty of gender discrimination by reason of the fact plaintiff had been fired in order that her job could be given to a female with whom Johnson was romantically involved. Defendants moved for summary disposition on the basis that plaintiff had failed to state facts such as would support a claim of statutorily prohibited gender-based job discrimination. The trial court, John H. Hausner, J., granted the motion. Plaintiff appealed.

The Court of Appeals *held:*

Since plaintiff did not allege sexual harassment and plaintiff's pled facts clearly show that plaintiff was discharged so that her job could be given to another female, plaintiff failed to plead an actionable claim of gender discrimination under the provisions of the Civil Rights Act. Summary disposition was properly granted in defendants' favor.

Affirmed.

CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — SEX DISCRIMINATION.

A complaint by a female employee alleging that her employment was terminated by her male supervisor because he had transferred all of her duties to another female employee with whom he was romantically involved does not state an actionable claim for sex discrimination under the provisions of the Civil Rights Act where there is no allegation of sexual harassment of the plaintiff, since under such circumstances it is clear that the plaintiff's discharge had nothing to do with her gender (MCL 37.2103[h], 37.2202[1]; MSA 3.548[103][h], 3.548[202][1]).

*Klein & Lesser* (by *David Y. Klein*), for plaintiff.

REFERENCES

Am Jur 2d, Job Discrimination §§ 789-816.

Sexual harassment on the job as violation of state civil rights law. 18 ALR4th 328.

*Barry L. Howard, P.C.* (by *Susan A. Davis*), for defendants.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and T. M. BURNS,* JJ.

MICHAEL J. KELLY, J. Plaintiff, Marilyn Hickman, appeals as of right from a circuit court dismissal of her gender discrimination claim. Hickman sued defendant W-S Equipment Company, Inc. and its president, defendant Paul E. Johnson, for sex discrimination under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, following her discharge. Defendants moved for summary disposition under MCR 2.116(C)(8) for failure to state a claim, which the trial court granted. We affirm.

Hickman began working as a bookkeeper for defendant W-S Equipment Company in May of 1977. In 1982, defendant Johnson hired another woman, Nancy Greenhow, as an office assistant. Johnson became romantically involved with Greenhow, who later stopped working at W-S Equipment. In December of 1985, Greenhow was rehired by Johnson, who continued to be romantically involved with her. Johnson began assigning plaintiff's work duties and responsibilities to Greenhow and eventually terminated plaintiff's employment in July of 1986. After her termination, plaintiff sued defendants for sex discrimination under the Civil Rights Act. Her complaint alleged that defendant Johnson fired plaintiff in order to give plaintiff's job to Greenhow, his girlfriend. Plaintiff claims that defendants' actions constituted sex discrimination under § 202 of the Civil Rights Act and that defendants' reasons for

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

plaintiff's termination were pretextual and fabricated. Defendants contended that plaintiff was terminated for just cause, namely because she repeatedly failed to produce required financial records on time.

Defendants moved for summary disposition under MCR 2.116(C)(8), on the basis that the facts alleged in plaintiff's complaint failed to state a claim under the Civil Rights Act. The trial court agreed, reasoning that, although the facts alleged indicated an unfair termination, they did not state a claim for sex discrimination. Favoritism of one female over another was not the Legislature's target. On appeal, plaintiff claims that the trial court erred in concluding that she failed to state a claim for sex discrimination under the Civil Rights Act. We disagree.

A motion for summary disposition under MCR 2.116(C)(8) for failure to state a claim upon which relief can be granted tests the legal sufficiency of the claim as determined by the pleadings alone. The motion should be granted only where the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Tyrna v Adamo, Inc,* 159 Mich App 592, 597; 407 NW2d 47 (1987).

Section 202 of the Civil Rights Act, MCL 37.2202(1); MSA 3.548(202)(1), provides:

> An employer shall not:
> (a) Fail or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.
> (b) Limit, segregate, or classify an employee or applicant for employment in a way which deprives or tends to deprive the employee or applicant of

an employment opportunity, or otherwise adversely affects the status of an employee or applicant because of religion, race, color, national origin, age, sex, height, weight, or marital status.

Section 103 of the act, MCL 37.2103(h); MSA 3.548(103)(h), provides:

Discrimination because of sex includes sexual harassment which means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature when:

(i) Submission to such conduct or communication is made a term or condition either explicitly or implicitly to obtain employment, public accommodations or public services, education, or housing.

(ii) Submission to or rejection of such conduct or communication by an individual is used as a factor in decisions affecting such individual's employment, public accommodations or public services, education, or housing.

(iii) Such conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment.

A prima facie case of sex discrimination under § 202 of the Civil Rights Act can be made in one of two ways, by showing disparate treatment or by showing intentional discrimination. *Dixon v W W Grainger, Inc,* 168 Mich App 107, 114; 423 NW2d 580 (1987); *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641, 654; 378 NW2d 558 (1985). These two ways were described in *Jenkins v Southeastern Michigan Chapter, American Red Cross,* 141 Mich 785, 793-794; 369 NW2d 223 (1985):

(1) Disparate treatment. To make a *prima facie* showing of discrimination, the one alleging disparate treatment must show that he was a member of the class entitled to protection under the act and that, for the same or similar conduct, he was treated differently than one who was a member of a different [class]. (2) Intentional discrimination. Here, plaintiff must show that he was a member of the affected class, that he was discharged, and that the person discharging him was predisposed to discriminate against persons in the affected class and had actually acted on that disposition in discharging him. [Citations omitted.]

Plaintiff's complaint clearly fails to state a prima facie claim under either of these two tests. Plaintiff is a member of a class entitled to protection under the act because of her gender. However, plaintiff did not allege any facts showing that she was treated differently than a man or that defendants were predisposed to discriminate against women and that this caused plaintiff's discharge from employment. Viewing the allegations made by plaintiff as true, it is obvious that plaintiff's discharge had nothing to do with her gender; plaintiff's boss merely discharged her in order to give her job to his girlfriend. This discharge would likely have occurred regardless of plaintiff's sex. Nor did these allegations show any sexual harrassment of plaintiff by defendants as defined by § 103(h) of the act.

Although plaintiff's discharge may have been unfair, it was simply not a violation of the prohibition in the Civil Rights Act against gender discrimination. As noted by our Supreme Court in *Miller v C A Muer Corp,* 420 Mich 355, 363; 362 NW2d 650 (1984):

The Michigan civil rights act is aimed at "the prejudices and biases" borne against persons be-

cause of their membership in a certain class and
seeks to eliminate the effects of offensive or deme-
aning stereotypes, prejudices, and biases. [Citations
omitted.]

Plaintiff's claim simply does not indicate that her
discharge was due to her membership in a certain
suspect class. The trial court did not err in dis-
missing her suit.

Affirmed.