SINGAL v GENERAL MOTORS CORPORATION

Docket No. 107418. Submitted April 18, 1989, at Detroit. Decided May 25, 1989.

Rajendar K. Singal, a native of India, was employed as a nonsupervisory salaried chemist by General Motors Corporation. Both the employment handbook which Singal received when he was employed and an employment agreement which he signed specifically indicated that he was employed on a month-to-month basis. During the course of his employment, Singal received a number of negative performance evaluations which indicated an inability to get along with his supervisors and fellow workers. In May, 1983, Singal was informed that he would be terminated unless he changed his attitudes and behavior with respect to his supervisors and fellow workers. In February, 1984, following a verbal tirade directed at his supervisor, Singal was terminated. Singal brought in Wayne Circuit Court an action against General Motors, alleging breach of employment contract, employment discrimination based on race and national origin and negligent preparation of the performance evaluations. Following discovery, defendant moved for summary disposition as to each of the counts. The trial court, James E. Mies, J., granted the motion with respect to the discrimination count on the basis that plaintiff had failed to plead facts sufficient to establish that his employment was terminated because of discrimination on the basis of race or national origin, granted the motion with respect to the wrongful discharge count to the extent that plaintiff sought more than one month's salary on the basis that plaintiff had no reasonable basis to believe that his employment was other than on a month-to-month basis, and granted the motion with respect to the negligent evaluation count on the basis that such a claim was not recognized in this state. Following defendant's

REFERENCES

Am Jur 2d, Civil Rights §§ 98 *et seq.*; Master and Servant §§ 27 *et seq.*

Racial discrimination in labor and employment—Supreme Court cases. 28 L Ed 2d 928.

Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.

tender of one month's salary, the trial court entered an order dismissing all of plaintiff's claims. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff failed to plead a prima facie case of discrimination on the basis of either race or national origin. Plaintiff failed to plead facts that would show either a predisposition to discrimination and the acting on that predisposition or disparate treatment. Plaintiff's allegation that his supervisor had made prior derogatory comments is not sufficient to establish that his employment was terminated because of discrimination on the basis of race or national origin in light of defendant's pleadings which showed that the discharge was for a nondiscriminatory reason.

2. Under these circumstances, plaintiff could not have had both a subjective and objective expectancy that his employment was terminable only for just cause. There was clearly no basis for any expectancy that his employment was other than on a month-to-month basis.

Affirmed.

1. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — RACE — NATIONAL ORIGIN.

An employee bringing an action for wrongful discharge from employment resulting from unlawful discrimination on the basis of race or national origin must, in the face of the employer's showing of a legitimate nondiscriminatory reason for the discharge, make a showing that the employer had either a predisposition to discriminate against persons of the employee's race or national origin and did, in fact, act on that predisposition or that members of the employee's race or national origin were treated in a disparate manner from persons who were not of that race or national origin.

2. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — TERMINATION FOR JUST CAUSE.

An employee has no legitimate objective expectation of employment which is terminable only for just cause where the employee signed an employment agreement which specifically provided that the employment was to be on a month-to-month basis rather than one in which there is discharge only for good cause and the employer's employment manual also indicated that employment was to be on a month-to-month basis.

*Law Offices of H. Wallace Parker, P.C.* (by *Seymour Hundley, Jr.*), for plaintiff.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Terrence V. Page* and *Jaimie R. Goodman*), for defendant.

Before: DOCTOROFF, P.J., and MAHER and REILLY, JJ.

PER CURIAM. Plaintiff appeals as of right from the order of the Wayne Circuit Court granting summary disposition to defendant as to plaintiff's claims of national origin discrimination and breach of employment contract. We affirm.

Plaintiff, a native of India, was a salaried nonsupervisory employee with defendant's Cadillac Motor Division, working as a chemist. On the day of his hire, plaintiff received a copy of defendant's employment handbook which stated that regular salaried employees were employed on a calendar month-to-month basis. In addition, plaintiff signed an employment agreement in 1977, shortly after being hired, which indicated that his employ was on a calendar month-to-month basis only. The agreement also provided that it was the sole arrangement between the parties and could be modified only by signed written agreement.

During the course of his employ, plaintiff—like other similar employees—was subject to periodic performance evaluations. Generally, the evaluations of plaintiff were negative. Defendant felt that plaintiff could not interact with his supervisors and fellow workers in a professional manner. He was viewed as continuously berating and belittling his supervisors and questioning their competence. On May 2, 1983, plaintiff was informed that his employment would be terminated unless he changed his behavior. That behavior which was deemed unacceptable included his contesting each performance evaluation by attacking the compe-

tency and objectivity of the supervisor who prepared it and his belligerent reactions whenever defendant rejected his suggestions.

On February 7, 1984, plaintiff set in place the proverbial straw that broke the camel's back. On that date, he subjected his supervisor to a twenty-minute "verbal tirade." As a result of the confrontation, plaintiff was immediately suspended from work. Later, on February 15, 1984, his employment was terminated permanently.

Plaintiff commenced the instant action in the Wayne Circuit Court on October 28, 1986, alleging claims for breach of employment contract, discrimination on the basis of national origin and race, and negligent preparation of the performance evaluations. At the conclusion of discovery, defendant moved for summary disposition, pursuant to MCR 2.116(C)(8) and (10), as to all of plaintiff's claims.

A hearing on the motion was conducted on January 29, 1988, at which time the parties argued their respective positions. At the conclusion of the arguments, the court adjourned the hearing to take the matter under advisement. On February 17, 1988, the hearing was reconvened and the court rendered its decision on the open record.

The court first ruled that plaintiff failed to establish a prima facie case of discrimination on the basis of national origin or race. MCR 2.116(C)(10). Although plaintiff had alleged that his supervisors had made derogatory remarks about him, this was insufficient to create a genuine issue of material fact since defendant established a legitimate, nondiscriminatory reason for discharging plaintiff which plaintiff had not rebutted with supporting evidence. The court also stated that plaintiff believed that he was more qualified than his supervisors. It was clear from reading plaintiff's responses to the performance evaluations

that he was terminated because of his attitude and not because of some discriminatory purpose. Thus, the court granted summary disposition to defendant as to plaintiff's discrimination claim.

The court next found that the parties' employment agreement created a month-to-month employment arrangement, not one which permitted discharge for just cause only. Furthermore, nothing in the employment handbook modified that agreement. Because the employment contract was month-to-month, the court granted defendant's summary disposition motion only to the extent that plaintiff sought damages beyond one month's salary. The court stated that, if defendant paid the one month's salary, it would dismiss the breach of employment contract claim in its entirety.

Lastly, the court held that Michigan did not recognize a claim for the negligent evaluation of plaintiff's employment performance because any duty in that regard would be based on the employment agreement itself. Hence, summary disposition was granted as to that claim also.

On March 1, 1988, the trial court entered an order granting summary disposition to defendant as to each of plaintiff's claims. Again, though, summary disposition as to the breach of employment contract claim was limited to the extent that plaintiff was entitled to one month's salary. Shortly thereafter, defendant tendered the salary to plaintiff. Consequently, a second order was entered on March 15, 1988, dismissing the employment contract claim in its entirety.

In this appeal, plaintiff does not challenge the trial court's dismissal of his claim for negligent preparation of the performance evaluation. He challenges only the dismissal of his other two claims.

Defendant was granted summary disposition as

to the claims for discrimination and breach of employment contract on the ground that there was no genuine issue of material fact. MCR 2.116(C)(10).

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. In deciding the motion, the court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. MCR 2.116(G)(5); *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). The party opposing the motion has the burden of showing that a genuine issue of material fact exists, and, in so doing, may not rest upon mere allegations or denials in the pleadings. *Id.* Rather, the documentary evidence must set forth specific facts establishing a genuine issue for trial. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988), lv den 431 Mich 876 (1988). Giving the benefit of every reasonable doubt to the nonmovant, the court must determine whether a record might be developed which would leave open an issue upon which reasonable minds could differ. *Id.* Before summary judgment can be granted, the court must be satisfied that it is impossible for the claim to be supported by evidence at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 371; 207 NW2d 316 (1973); *Reist, supra.*

The Civil Rights Act prohibits an employer from discharging an employee or otherwise discriminating against an individual with respect to employment because of, among other things, national origin and race. MCL 37.2202(1)(a); MSA 3.548(202)(1)(a). A prima facie case of discrimination under § 202 of the Civil Rights Act can be made by showing either intentional discrimination or disparate treatment. *Hickman v W-S Equip-*

*ment Co, Inc,* 176 Mich App 17, 20; 438 NW2d 872 (1989). Under the former, the plaintiff must show that he was a member of the affected class, that he was discharged, and that the person who discharged him was predisposed to discriminate against persons in the affected class and had actually acted on that disposition in discharging him. *Dixon v W W Grainger, Inc,* 168 Mich App 107, 114; 423 NW2d 580 (1987). The latter requires a showing that the plaintiff was a member of the class entitled to protection under the act and that he was treated differently than persons of a different class for the same or similar conduct. *Id.* A prima facie case of discrimination can also be made by showing a disparate impact. This requires a showing that a facially neutral employment practice burdens a protected class of persons more harshly than others. *Squire v General Motors Corp,* 174 Mich App 780, 784; 436 NW2d 739 (1989). Proof of discriminatory intent is not necessary under the disparate impact analysis. *Farmington Ed Ass'n v Farmington School Dist,* 133 Mich App 566, 571; 351 NW2d 242 (1984).

In the case at bar, plaintiff failed to make out a prima facie case of discrimination on the basis of national origin or race. At his deposition, he admitted not knowing the results of other employees' performance evaluations or whether those employees used defendant's "open door" policy and, if so, how they were treated. Additionally, he acknowledged that another employee of Indian origin had been promoted by defendant and he could not identify any similarly situated non-Indian employees who were given more favorable treatment. Most significantly, though, plaintiff did not rebut defendant's showing that his termination was for a legitimate, nondiscriminatory reason (i.e., plaintiff's failure to heed warnings regarding his bellig-

erent behavior and abusive attitude toward his supervisors). Defendant presented numerous documents to the trial court illustrating plaintiff's attitude problems. As the trial court stated after reviewing those documents:

> And one has but to read all of those responses that he made to evaluations to get a picture that is very clearly one that forms a basis for discharge that has absolutely nothing to do with any discriminatory issue.

Although plaintiff alleged that numerous derogatory remarks were made about him by several of defendant's employees, we agree with the trial court's finding that reasonable minds could not differ that his discharge was for a nondiscriminatory reason. The evidence clearly established that plaintiff was discharged because of his belligerent behavior. Thus, the court properly granted summary disposition to defendant as to plaintiff's discrimination claim.

Plaintiff's claim for breach of employment contract is based on the Supreme Court's holding in *Toussaint v Blue Cross & Blue Shield of Michigan*, 408 Mich 579; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980). In that case, it was held that an employer's oral or written representation not to discharge an employee except for just cause may be legally enforceable, despite the general rule that employment contracts for indefinite terms are terminable at will. *Id.*, p 598. To establish a *Toussaint* claim, the employee must demonstrate both a subjective and objective expectancy that his employment is terminable for just cause only. *Struble v Lacks Industries, Inc*, 157 Mich App 169, 175; 403 NW2d 71 (1986).

For the reasons stated in *Taylor v General Motors Corp*, 826 F2d 452 (CA 6, 1987)—a case involving the identical employment agreement and handbook at issue in the instant case—we hold that the trial court correctly found that plaintiff's employment was terminable at will and that he could harbor no legitimate expectation of a just-cause termination (except for the one month notice period). See also *Eliel v Sears, Roebuck & Co*, 150 Mich App 137; 387 NW2d 842 (1985). Plaintiff has not established that defendant made any representations to him which might give rise to an objective expectation of discharge for just cause only.

Affirmed.