110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Irene CARRINGTON et al., Plaintiffs-Appellants
v.
CARPENTERS LOCAL 118 et al., Defendants-Appellees.
 No. 95-2407.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1997.
 
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Three African-American women journeyman carpenters ("Plaintiffs") appeal the grant of summary judgment for the Colasanti Corporation, a Detroit cement contractor ("Defendant"), in their claim of race and sex discrimination under Michigan's Elliott-Larsen Civil Rights Act ("MELCRA"). We AFFIRM.
 
 I.
 
 2
 In 1992 and 1993 Defendant employed carpenters and carpenter's apprentices to work on two major federal construction projects in Detroit. Plaintiffs applied for employment on these projects, but Defendant did not consider hiring them. Plaintiffs filed a complaint under MELCRA in Wayne County Circuit Court against twenty-five construction companies, alleging race and sex discrimination in employment, and against Carpenters Local 118, alleging a failure to protect African-American members from discrimination. Defendants removed this action to federal district court, which had original jurisdiction under 29 U.S.C. § 185.[1] After two years of discovery, the district court granted Defendant Colasanti's second motion for summary judgment, stating that Plaintiffs had raised no genuine questions of fact that could result in Plaintiffs prevailing under any theory of discrimination. Plaintiffs filed a timely notice of appeal.
 
 II.
 
 3
 This Court reviews de novo the district court's grant of Defendant's motion for summary judgment. Hartsel v. Keys, 87 F.3d 795, 799 (6th Cir.1996), cert. denied, 117 S.Ct. 683 (1997). "This Court must affirm the district court only if it determines that the pleadings, affidavits, and other submissions show 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Id. (quoting Fed.R.Civ.P. 56(c)).
 
 
 4
 We apply Michigan law in deciding MELCRA cases. The legal standards for deciding MELCRA violations are similar to those used in Title VII discrimination cases. Rabidue v. Osceola Ref. Co., 805 F.2d 611, 617 (6th Cir.1986). The basic allocation of burdens and order of presentation of proof in Title VII cases alleging discriminatory treatment is well known:
 
 
 5
 First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
 
 
 6
 Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)) (citations omitted). The Supreme Court has invoked McDonnell Douglas criteria in both unlawful discharge and failure to hire cases. Simpson v. Midland-Ross Corp., 823 F.2d 937, 940 (6th Cir.1987).
 
 
 7
 At oral argument Plaintiffs' counsel specified that Plaintiffs brought this suit under a theory of disparate treatment.[2] In order to establish a prima facie case of disparate treatment, a plaintiff must show that she was a member of a class entitled to protection under the act and that she was treated differently than persons of a different class for same or similar conduct. Singal v. General Motors Corp., 447 N.W.2d 152, 156 (Mich.App.1989). See also, Coleman-Nichols v. Tixon Corp., 513 N.W.2d 441, 446 (Mich.App.1994).
 
 
 8
 Plaintiffs, as African-American women, are certainly members of a class entitled to protection under MELCRA. Despite two years of discovery, however, Plaintiffs were unable to produce any evidence that they were discriminated against on the basis of their race or gender. None of the Plaintiffs testified that Defendant had engaged in any written or verbal discriminatory behavior, or that Defendant had tolerated such behavior from any of its employees. Plaintiffs' only "evidence" in support of their position was an unexecuted conciliation agreement between Defendant and the Office of Federal Contract Compliance finding that Colasanti had violated United States Executive Order 11246, which contractually obligated Defendant to use affirmative action to employ qualified Detroit residents, minorities, females and veterans.
 
 
 9
 Defendant, on the other hand, provided evidence that 40% of the carpenters and carpenter's apprentices hired for the IRS Building and the VA Hospital during the relevant period (November of 1992 to July 7, 1993) were black. (J.A. at 314-343). Defendant also hired thirteen women during 1992 and 1993, seven of whom worked on the VA Hospital and IRS Building. (J.A. at 402).
 
 
 10
 Assuming, arguendo, that Plaintiffs succeeded in establishing a prima facie case under any theory of discrimination, they failed to demonstrate that Defendant's legitimate, nondiscriminatory rationale for the employment decision was merely a pretext.
 
 
 11
 Defendant did not consider Plaintiffs for employment because Defendant followed its time-honored procedure for filling labor needs on large construction projects:
 
 
 12
 1. Utilization of existing employees.
 
 
 13
 2. Hiring of individuals who have worked for Colasanti on other recent projects.
 
 
 14
 3. Hiring of individuals who have not worked for Colasanti but whom the pending job site foreman has worked with in the past and recommended.
 
 
 15
 4. Union referral.
 
 
 16
 5. Review of unsolicited job applications.
 
 
 17
 At the time Plaintiffs sought employment with Defendant, they were not employees of Defendant, they had not worked for Defendant during the past year, they were not recommended by the foremen on the jobs, and they were not referred by their union. Plaintiffs filed unsolicited job applications with Defendant, and Defendant never proceeded beyond the union referral step on either of the two projects. Therefore, Defendant never considered Plaintiffs for hire. Consequently, Plaintiffs failed to present sufficient evidence to prove that Defendant's proffered reason for not hiring them was merely a pretext for actual discrimination.
 
 III.
 
 18
 Plaintiffs had over two years of discovery during which to collect evidence in support of their claim of race and/or sex discrimination by Defendant. Nevertheless, Plaintiffs failed to present sufficient evidence to establish a prima facie case of discrimination under any of the possible theories. Plaintiffs also failed to present any evidence which would raise a genuine question of material fact concerning the pretextual nature of Defendant's proffered reason for not hiring them. For these reasons, we AFFIRM.
 
 
 
 [1]
 At the time of removal three Defendants remained--Local 118, Robert Van Kampen, and the Colasanti Corporation. Defendant Van Kampen was later dismissed by stipulation and order of the court, and the court subsequently granted Local 118's motion for summary judgment
 
 
 [2]
 A plaintiff may prove a violation of MELCRA under three different theories: disparate treatment, intentional discrimination, or disparate impact. Singal v. General Motors Corp, 447 N.W.2d 152, 155-56 (Mich.App.1989)