**Janet M. CARPENTER,
Plaintiff–Appellant,**

v.

**WESTERN CREDIT UNION,
Defendant–Appellee.**

**No. 94–3569.**

United States Court of Appeals,
Sixth Circuit.

Argued May 15, 1995.

Decided July 10, 1995.*

Grant D. Shoub (argued), Robert L. Washburn, Jr. (briefed), Cloppert, Portman, Sauter, Latanick & Foley, Columbus, OH, for plaintiff-appellant.

William H. Woods (argued and briefed), McNamara & McNamara, Columbus, OH, for defendant-appellee.

Before: CONTIE, MILBURN, and SILER, Circuit Judges.

* This decision was originally issued as an "unpublished decision" filed on July 10, 1995. On August 1, 1995, the court designated the opinion as one recommended for full-text publication.

CONTIE, Circuit Judge.

Janet M. Carpenter, a woman in her fifties, claims that she lost her job because of her age. The district court granted the employer's motion for summary judgment. Carpenter appealed. We affirm.

## I.

Defendant-appellee Western Credit Union ("Credit Union") hired plaintiff-appellant Janet M. Carpenter on October 13, 1980. During her employment with the Credit Union, Carpenter received numerous promotions. At the time of her termination on March 31, 1992, Carpenter was responsible for recruiting new Credit Union members and for staffing and operating the Credit Union's Ohio Wesleyan University branch.

On January 27, 1992, Thomas L. Furrey became the new President/Chief Executive Officer of the Credit Union. Weeks later, state and federal regulators ordered the Credit Union to improve its capital position before adding any new members.[1] In order to comply with the regulators' mandate, President Furrey eliminated more than $200,000 from the Credit Union's operating expenses. One of the cost-saving measures implemented was the reduction of operations at the Ohio Wesleyan University branch from three days per week to two days per month. Because the Credit Union could not recruit new members, and because the Ohio Wesleyan University branch was rarely opened, Carpenter's position was no longer necessary. Accordingly, President Furrey terminated Carpenter and another Credit Union employee.

In January 1993, Carpenter filed an age discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). In May 1993, Carpenter withdrew her EEOC claim and initiated this ADEA action in district court. On January 14, 1994, the Credit Union moved for summary judgment. On May 4, 1994, the district court granted the Credit Union's motion.

Carpenter timely appealed.

## II.

### Standard of Review

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A district court's grant of summary judgment is reviewed *de novo*. *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1472 (6th Cir.), *cert. denied*, 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988).

### Carpenter's Termination

Fred Lilly, a former Credit Union member, claims that President Furrey defended the terminations by noting: "Fred, it was purely economical, they were the two oldest employees here." Though President Furrey admits that he spoke to Lilly about Carpenter's termination, he categorically denies stating that age was a factor in the decision.

In order to establish a prima facie case of age discrimination, a plaintiff must show that: (1) he was a member of a protected class; (2) he was qualified for the position; (3) he was discharged; and (4) he was replaced by a younger person. *Wilkins v. Eaton Corp.*, 790 F.2d 515, 520 (6th Cir. 1986). If the plaintiff is able to present a prima facie case of age discrimination, the burden shifts to the defendant to articulate legitimate, non-discriminatory reasons for its actions. *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1329 (6th Cir.1994).

Though Carpenter failed to present a prima facie case of age discrimination because she was not replaced by a person

---

**1.** Credit unions chartered in Ohio are supervised by the Superintendent of Credit Unions who possesses the authority to correct unsafe or unsound business practices adopted by the credit unions' officers and directors. *See* Ohio Rev.Code § 1733.32.

Pursuant to statute, credit unions must obtain insurance to protect members' savings. Ohio Rev.Code § 1733.041. The Western Credit Union's members are insured by the National Credit Union Share Insurance Fund, an insurance fund administered by the National Credit Union Administration ("NCUA"), an agency of the United States. The NCUA may cancel the share insurance of any credit union that is engaged in "unsafe or unsound practices."

outside the protected class, *see Lilley v. BTM Corp.*, 958 F.2d 746, 752 (6th Cir.) ("Spreading the former duties of a terminated employee among the remaining employees does not constitute replacement."), *cert. denied,* —— U.S. ——, 113 S.Ct. 376, 121 L.Ed.2d 287 (1992), Carpenter offered direct evidence of age discrimination: Fred Lilly's affidavit. *See LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 379 (6th Cir.1993) (direct evidence of discrimination allows a plaintiff to proceed without meeting the requirements of a prima facie case).

The record reveals that the Credit Union's actions were necessitated by the need to reduce expenses. President Furrey justifiably insists that Carpenter was terminated because her position was no longer needed in light of new membership policies announced by state and federal regulators and changes made at the Credit Union's Ohio Wesleyan University branch. "Often business decisions may force the company to eliminate jobs held by members in a protected category. When those situations arise, a plaintiff alleging that he was laid off for discriminatory reasons necessarily has a more difficult time proving his case." *Chappell v. GTE Prods. Corp.*, 803 F.2d 261, 267–68 (6th Cir. 1986), *cert. denied*, 480 U.S. 919, 107 S.Ct. 1375, 94 L.Ed.2d 690 (1987). *See also Simpson v. Midland–Ross Corp.*, 823 F.2d 937, 941 (6th Cir.1987) ("The mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient.... The plaintiff in such reorganization cases must come forward with additional direct, circumstantial, or statistical evidence that age was a factor in his termination.").

Though Lilly's affidavit could be construed to support Carpenter's allegation that she was discharged because of her age, this court has repeatedly held that isolated and ambiguous statements " 'are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination.' " *Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 314 (6th Cir.1989) (citations omitted).

Because Carpenter was terminated as part of a reduction in force to cut expenses, and because Carpenter failed to present sufficient evidence of discriminatory animus to defeat the Credit Union's motion for summary judgment, we AFFIRM.