Kenneth LAWRENCE, Plaintiff,

v.

SYMS CORPORATION, a New Jersey corporation, Defendant.

No. 96–CV–75388–DT.

United States District Court,
E.D. Michigan,
Southern Division.

June 17, 1997.

Kenneth D. Clayton, Waterford, MI, for Plaintiff.

Stephen E. Glazek, Matthew J. Boettcher, Detroit, MI, for Defendant.

### *OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

DUGGAN, District Judge.

This matter is before the Court on defendant's motion for summary judgment. A hearing was held on this motion on June 12, 1997. Defendant asserts that there is no genuine issue of material fact and that it is entitled to judgment on plaintiff's age and religious discrimination claims under the Michigan Elliott–Larsen Civil Rights Act (MELCRA), his intentional infliction of emotional distress (IIED) claim, and his defamation claim.

### Background

Plaintiff began working for defendant Syms Corp. in September 1987, as a first assistant general manager. In 1989, plaintiff served as interim store manager after his supervisor was discharged. Two months later, he was made the permanent store manager. In January 1996, a performance appraisal for store management executive was completed by plaintiff's supervisor, Michael Radus. Plaintiff was given an overall rating of average; he was rated as unsatisfactory in his managerial and professional skills and in his customer service. Comments written in various places on this appraisal include: "Relationships in the store poor."; "Mr. Lawrence has, since his arrival at Southfield, created an aura of fear in his management and his educators. Mr. Lawrence manages in a dictatorial manner. His personality is not upbeat."; "Many customer service problems over the past year."; and "Numerous law suits brought against company do [sic] in great part to Mr. Lawrence's mishandling of educators. Almost all, if handled properly, could have been avoided." Exhibit 4, Brief in Support of Defendant's Motion for Summary Judgment. In addition to the written performance review from January 1996, defendant's attorney stated at the June 12 hearing, that plaintiff had been verbally informed on prior occasions that he was not following company policy regarding personnel procedures.

Defendant asserts that as a result of plaintiff's poor performance, plaintiff was informed by Michael Radus on March 23, 1996 that he was to be discharged from his position. Jack Chefan, the interim store manager, took over plaintiff's duties until July 29, 1996, when Joseph Ilacqua was hired as the permanent store manager. Supplemental Affidavit of Gail Margolin, attached to Defendant's Reply Brief. At the time of his discharge, plaintiff was 48 or 49 years old. Mr. Chefan, the plaintiff's interim replacement was 43 years old and Mr. Ilacqua was 52 years old. Plaintiff filed this suit on October 21, 1996.

## Discussion

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(c) mandates summary judgment against a party who, after adequate time for discovery, fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The moving party has the initial burden of showing "the absence of a genuine issue of material fact." *Id.,* at 323, 106 S.Ct. at 2553. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.,* at 249–50, 106 S.Ct. at 2511.

Defendant asserts in its motion and supporting brief that plaintiff has failed to establish a prima facie case of either age or religious discrimination.

### *Age Discrimination*

■ To establish a prima facie case using the presumptive approach under federal law, the plaintiff must demonstrate that he or she (1) is a member of a protected class; (2) was discharged; (3) was qualified for the position; and (4) was replaced by a younger person. *Meagher v. Wayne State University,* 222 Mich.App. 700, 565 N.W.2d 401 (1997) (citing *Matras v. Amoco Oil Co.,* 424 Mich. 675, 683, 385 N.W.2d 586 (1986)); *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ Once plaintiff has established a prima facie case, the burden of production shifts to the defendant to articulate some legitimate, non-discriminatory reason for its actions. *Meagher, supra* (citing *Lytle v. Malady,* 209 Mich.App. 179, 186, 530 N.W.2d 135 (1995)). After a defendant articulates a legitimate reason for its actions, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the legitimate reason offered by the defendant is merely a pretext for discrimination. *Meagher, supra* (citing *Featherly v. Teledyne Industries, Inc.,* 194 Mich.App. 352, 358, 486 N.W.2d 361 (1992)).

Defendant argues that although plaintiff has established the first two elements of a prima facie case of age discrimination under MELCRA, he cannot show that he was qualified for the position, or that he was replaced by a younger person.

■ "While federal precedent interpreting the federal Civil Rights Act is not binding in Michigan, it is often used as guidance by Michigan courts." *Meagher, supra* (citing *Radtke v. Everett,* 442 Mich. 368, 382, 501 N.W.2d 155 (1993)). The Sixth Circuit has determined that in order to establish that a plaintiff was qualified for the position, he must prove that he was performing his job at a level which met his employer's legitimate expectations. *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 548–9 (6th Cir.1991) (citing *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1160 (6th Cir.1990)). In *Ang,* the Sixth Circuit found that plaintiff, whose evaluations indicated that he had trouble communicating, was late with assignments, used insufficient detail in writing plans, and was a poor long-range planner, was not performing to his employer's satisfaction. As a result, he was not qualified for his position and, on this basis, did not establish a prima facie case. *Ang, supra* at 549.

■ Like Ang, plaintiff here received an unsatisfactory performance review indicating on-going problems with his managerial, communication and customer service skills. *See* Exhibit 4, Defendant's Brief. As a result, the Court is satisfied that plaintiff has not shown he was qualified for his position and thus he has not established a prima facie case of age discrimination under MELCRA.

■ Further, although plaintiff was immediately replaced by a younger interim store manager, the individual hired to replace plaintiff on a permanent basis was hired approximately four months after plaintiff was discharged and was, in fact, older than plaintiff.[1]

Because plaintiff has failed to establish the third and fourth factor of a prima facie case, defendant is entitled to judgment as a matter of law.

■ Even if plaintiff had established a prima facie case of age discrimination, he has not shown that defendant's articulated legitimate reason for discharge, i.e., poor performance, was mere pretext. Plaintiff must produce evidence that age was a factor in the defendant's decision to discharge him and, that but for his age, he would not have been discharged. *Phelps v. Yale Security, Inc.,* 986 F.2d 1020, 1023 (6th Cir.1993). Plaintiff offers as evidence a comment made by his supervisor, Michael Radus, that the defendant was "out to get" the oldest store managers who were well paid, and replace them with younger, more energetic people. Deposition of Ken Lawrence, pp. 92–93, Exhibit 1, Defendant's Brief. Plaintiff could not remember when or how many times Radus made this comment, but testified that it had been within the last two years.

> In considering statements which allegedly show age-based discrimination, courts probe whether the comments were made by a decision maker or by an agent within the scope of his employment; whether they were related to the decision-making process; whether they were more than merely vague, ambiguous or isolated remarks; and whether they were proximate in time to the act of termination.

*Cooley v. Carmike Cinemas, Inc.,* 25 F.3d 1325, 1330 (6th Cir.1994).

The statement allegedly made by Radus was a comment made by a decision maker or an agent within the scope of his employment. Nevertheless, plaintiff has not adduced any evidence that the comment was related to the decision to discharge him. In fact, plaintiff states that this comment was made in conversations had during Radus' periodic visits to plaintiff's store. Deposition, p. 93, Exhibit 1, Defendant's Brief. Plaintiff also testified during his deposition that this was the only age-related comment made to him.

Isolated and vague comments by employers have been held to be too abstract to support a finding of age discrimination, especially when comments were made long before the termination. *See Carpenter v. Western Credit Union,* 62 F.3d 143, 145 (6th Cir.1995) (employer defended terminations by explaining that "they were the two oldest employees here"); *Phelps v. Yale Security, Inc.,* 986 F.2d 1020, 1025–26 (6th Cir.1993) (eight months prior to termination employer told plaintiff she was too old to perform her former position); *Gagne v. Northwestern Nat'l Ins. Co.,* 881 F.2d 309, 315 (6th Cir.1989) (boss' comment that he "needed younger blood" too isolated for inference of age discrimination). Here, the comment allegedly made by Radus that the defendant was out to get the oldest managers was not directed toward plaintiff and was made up to two years before plaintiff was discharged. This Court is satisfied that the comment made by Radus was isolated and made long before the decision to discharge the plaintiff and is therefore, too abstract to support an inference of age discrimination. If, in viewing the evidence in a light most favorable to plaintiff, Radus' alleged comment was evidence supporting plaintiff's claim of age discrimination, summary judgment would still be appropriate. Under *Anderson, supra,* evidence which is merely colorable does not create an issue for trial. *Anderson, supra* at 249, 106 S.Ct. at 2511. "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* The evidence presented here is insufficient for a jury to return a verdict for plaintiff and thus summary judgment is appropriate.

---

**1.** Plaintiff argues in his response to defendant's motion that plaintiff was replaced by a younger co-worker until he filed this suit at which time defendant hired a permanent store manager who was older than plaintiff. Plaintiff filed the complaint initiating this suit on October 21, 1996; Joseph Ilacqua, the man hired to replace plaintiff as the permanent store manager, was hired on July 29, 1996. Supplemental Affidavit of Gail Margolin, Defendant's Reply Brief.

### Religious Discrimination

■ Defendant also seeks summary judgment on plaintiff's religious discrimination claim. To bring a successful religious discrimination claim under MELCRA, a plaintiff must make out a prima facie showing of religious discrimination by demonstrating either disparate treatment or intentional discrimination. *Rasheed v. Chrysler Motors Corp.*, 196 Mich.App. 196, 200, 493 N.W.2d 104 (1992) (citing *Pitts v. Michael Miller Car Rental*, 942 F.2d 1067, 1070 (6th Cir.1991) *rev'd on other grounds*, 445 Mich. 109, 517 N.W.2d 19 (1993)).

> To establish disparate treatment, the plaintiff must show that he was a member of a protected class, and that he was treated differently than persons of a different class for the same or similar conduct. *Singal v. General Motors Corp.*, 179 Mich. App. 497, 503, 447 N.W.2d 152 (1989). The employer then has the burden of establishing a legitimate reason for the treatment. If the employer carries its burden, the plaintiff must establish that the ... reasons presented by the employer were a mere pretext by showing that it is more likely that a discriminatory reason motivated the employer's action or that the reasons proffered are simply not credible.

*Id.* at 201, 493 N.W.2d 104.

■ Plaintiff alleges that he was treated dissimilarly to Jewish store managers with poor performance records because he is not Jewish. Plaintiff claims that Jewish store managers whose performance was substandard were demoted and/or transferred to a different store. Defendant argues that it only transfers employees to open positions in stores within the same market. Plaintiff worked at the Southfield, Michigan store which is the only store in its market. The managerial employees pointed out by plaintiff as having been transferred to other stores after poor evaluations all worked in a multiple-store market. Affidavit of Gail Margolin, Exhibit 2, Defendant's Brief.

Plaintiff has not established that defendant's proffered reason (that employees with poor performance records are demoted and transferred only within the same market area) is pretextual; defendant is therefore entitled to judgment as a matter of law on plaintiff's MELCRA claim for religious discrimination.

### IIED and Defamation Claims

■ Finally, defendant seeks summary judgment on plaintiff's intentional infliction of emotional distress and defamation claim. To allege a claim for intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress as a result of defendant's actions. *Roberts v. Auto–Owners Ins. Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). For a plaintiff to prevail on this claim, the defendant's behavior must be conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 603, 374 N.W.2d 905. The Court is satisfied that, as a matter of law, plaintiff's allegations that defendant told others that his performance was unsatisfactory does not rise to level of extreme and outrageous conduct under *Roberts*. Because plaintiff has failed to establish the requisite elements of an intentional infliction of emotional distress cause of action, defendant is entitled to judgment as a matter of law and summary judgment should be granted.

■ To establish a defamation claim, a plaintiff must prove (1) that defendant made a false and defamatory statement to a third party; (2) which was unprivileged; (3) with fault amounting to at least negligence; and (4) special harm, or actionability of the statement irrespective of special harm. *Morganroth v. Whitall*, 161 Mich.App. 785, 789, 411 N.W.2d 859 (1987).

■ Plaintiff has not produced evidence that defendant has ever made a defamatory statement. At his deposition, plaintiff testified that he hypothesized that defendant had reported his unsatisfactory performance review to potential employers because he had difficulty securing another position. Plaintiff further stated that he had no knowledge of defendant making a defamatory statement; the claim was based on the hypothesis that

he could not secure another position because defendant was informing prospective employers of his alleged unsatisfactory performance. Deposition of Ken Lawrence, pp. 125–26, 133, Exhibit 1, Defendant's Brief.

■ Further, defendant's communication of plaintiff's past work performance is privileged unless it is made with actual malice, that is, knowledge of its falsity or reckless disregard of the truth. *Gonyea v. Motor Parts Federal Credit Union*, 192 Mich.App. 74, 480 N.W.2d 297 (1991). Plaintiff has argued in his response to defendant's motion that he believes any defamatory statement was made with malice. Nevertheless, plaintiff's subjective belief does not "designate specific facts showing that there is a genuine issue for trial." *Celotex, supra* at 324, 106 S.Ct. at 2553. Plaintiff has failed to make out a claim for defamation. As a result, defendant is entitled to judgment as a matter of law.

### Conclusion

Because plaintiff has not established a prima facie case against defendant for either the age or religious discrimination claim, defendant is entitled to judgment as a matter of law and summary judgment on these claims is proper. Plaintiff has failed to establish the essential elements for both the intentional infliction of emotional distress claim and the defamation claim. Defendant's motion for summary judgment will thus be granted.

For the reasons set forth above,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED.** Plaintiff's complaint is **DISMISSED** with prejudice.