*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBYN KEITH,

       Plaintiff-Appellant,

UNPUBLISHED
June 2, 2022

v

No. 355716
Wayne Circuit Court
LC No. 19-008074-CD

HUNTINGTON NATIONAL BANK,

       Defendant-Appellee.

Before: BORRELLO, P.J., and SHAPIRO and HOOD, JJ.

PER CURIAM.

In this action involving allegations of age discrimination in employment, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Plaintiff began working for defendant in June 2017, when she was 46 years old. She was hired as a "Relationship Banker 1" and began her tenure at defendant's Ferndale branch under supervisor Marilyn Lawrence. Plaintiff was transferred twice at her request; she was transferred to the Grand River branch in October 2017 and then to the branch at Campus Martius in November 2017. Plaintiff's employment was terminated on January 26, 2018.

Plaintiff testified during her deposition that she experienced problems with her coworkers and Lawrence at the Ferndale branch. According to plaintiff, she was not given her work keys until she had been working at the branch for two weeks and, consequently, she had to ask permission whenever she needed to use the restroom. However, plaintiff testified that she was told that the delay in receiving her keys was caused by another employee's laziness and neglect in completing the necessary paperwork; plaintiff did not attribute this action to plaintiff's age.

More importantly with respect to the instant action, plaintiff explained that she was approximately 10 to 20 years older than Lawrence and the other employees at the Ferndale branch. Plaintiff alleged that Lawrence and plaintiff's coworkers repeatedly made negative comments about plaintiff's age. Plaintiff claimed that this was an "everyday" occurrence, although she was

-1-

unable to pinpoint any specific instances or provide much detail beyond conclusory and vague accusations. She also asserted that Lawrence told her that she did not fit in because of her age, that Lawrence repeatedly compared her age to plaintiff's age and told plaintiff she did things differently because she was "old," that plaintiff's coworkers ridiculed older customers, and that plaintiff was treated as if her thoughts and experience did not matter because she was "old." Plaintiff testified that she felt belittled, demeaned, humiliated, and like she was not a part of the "clique" as a result of her age and the negative comments about her age while working at the Ferndale branch. Plaintiff sought to transfer to a different branch as a result. Her request was granted.

At the Grand River branch, plaintiff apparently did not have any issues with discipline or attendance. However, after she started working at the Campus Martius branch, the evidence reflects that plaintiff received multiple attendance violations. Plaintiff testified that she disputed the accuracy of those records, but she explained that her dispute was based on the discrepancies that existed between branches in the application of the attendance policy because each branch manager had the discretion to choose the threshold for when an employee was considered tardy. Plaintiff admitted in her deposition that her supervisor at the Campus Martius branch informed plaintiff of the tardy threshold, and plaintiff further admitted that the records of her tardies were accurate according to that threshold. Plaintiff also admitted that her documented absences were accurate, although she stated that her absences were the result of being sick. Plaintiff testified in her deposition that she did not experience any further harassment based on her age after she was transferred from the Ferndale branch.

On the morning of January 24, 2018, plaintiff arrived at work and, according to plaintiff, left the building to get tea. When she returned, her supervisor asked where she had been and why she had not answered her phone. Plaintiff admitted that she responded by saying that she "went to go take a dump" and then asked her supervisor, "Do I need to tell you every time I walk away or where I'm going?" Two days later, plaintiff's employment was terminated. Defendant presented evidence that the decision to terminate plaintiff's employment was based on unprofessional conduct and attendance issues.

Plaintiff initiated this action alleging three counts against defendant under of the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*.: (1) disparate treatment by defendant because of plaintiff's age; (2) a hostile work environment caused by unwelcome verbal or physical conduct because of plaintiff's age; and (3) defendant retaliated by terminating plaintiff because she filed complaints about defendant's discriminatory conduct.

The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10), and plaintiff now appeals.

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Major v Village of Newberry*, 316 Mich App 527, 539; 892 NW2d 402 (2016). Review of a summary disposition ruling under MCR 2.116(C)(10) requires viewing the evidence that was presented to the trial court in the light most favorable to the nonmoving party. *Id*. at 540. "A trial court has properly granted a motion for summary disposition under MCR 2.116(C)(10) if the

affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "The court is not permitted to assess credibility or to determine facts on a motion for summary disposition." *Downey v Charlevoix Co Bd of Rd Comm'rs*, 227 Mich App 621, 626; 576 NW2d 712 (1998).

## III. ANALYSIS

Plaintiff claims that because of her age, she was subjected to disparate treatment, a hostile work environment, and termination by defendant, in violation of the ELCRA. Although plaintiff's appellate brief fails to cite the pertinent statutory basis for her age discrimination claims against her former employer, her claims are clearly predicated on the authority of MCL 37.2202. This statute provides in relevant part:

> (1) An employer shall not do any of the following:
>
> (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.
>
> (b) Limit, segregate, or classify an employee or applicant for employment in a way that deprives or tends to deprive the employee or applicant of an employment opportunity, or otherwise adversely affects the status of an employee or applicant because of religion, race, color, national origin, age, sex, height, weight, or marital status. [MCL 37.2202(1).]

## A. DISPARATE TREATMENT

Plaintiff first argues on appeal that she produced direct evidence of discrimination and disparate treatment based on her age, thus creating a genuine issue of material fact that made the trial court's grant of summary disposition on this claim erroneous.

In an employment discrimination case, a plaintiff may rely on direct evidence to "go forward and prove unlawful discrimination in the same manner as a plaintiff would prove any other civil case." *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001). If a plaintiff can establish unlawful discrimination through direct evidence, the *McDonnell Douglas* [1] burden-shifting framework is inapplicable. *DeBrow v Century 21 Great Lakes, Inc (After Remand)*, 463 Mich 534, 539; 620 NW2d 836 (2001). The *McDonnell Douglas* framework only applies when the plaintiff relies solely on indirect or circumstantial evidence of discrimination. *Id*. at 540. " 'Direct evidence,' in the context of [an ELCRA] claim, is 'evidence which, if believed, requires

---

[1] *McDonnell Douglas v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973).

the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.' " *Major*, 316 Mich App at 540 (citation omitted). The "ultimate factual inquiry in any discrimination case is whether unlawful discrimination was a motivating factor in the employer's decision." *Hazle*, 464 Mich at 470. "A plaintiff must show that the defendant was predisposed to discriminate against the plaintiff and actually acted on that disposition." *Graham v Ford*, 237 Mich App 670, 676; 604 NW2d 713 (1999).

Here, plaintiff argues that she presented direct evidence of "overt age-based comments" and "mistreatment" directed at plaintiff by Lawrence, plaintiff's supervisor at the Ferndale branch. Plaintiff contends that this conduct by Lawrence was motivated by the fact that plaintiff was allegedly 10 to 20 years older than Lawrence and the other employees in that branch. According to plaintiff, this evidence created a genuine question of material fact regarding whether plaintiff's "termination was based on her age." However, Lawrence was not plaintiff's supervisor when her employment was terminated. Despite the allegations that plaintiff made against Lawrence, plaintiff does not claim that Lawrence made the decision to terminate plaintiff's employment or had any actual authority relative to that decision. Plaintiff also does not direct our attention to any evidence in the record that would support a conclusion that Lawrence had any authority in the decision-making process regarding plaintiff's termination.

Evidence that a direct supervisor, who subjected the plaintiff employee to an adverse employment decision, also made comments to the plaintiff employee reflecting discriminatory bias on the basis of age may be sufficient to constitute direct evidence creating a genuine issue of material fact whether age discrimination was a motivating factor in the adverse employment decision. *Major*, 316 Mich App at 542-543. However, this principle applies when the comments were made by a decisionmaker with responsibility regarding the challenged employment decision. *Id*. at 542-544. This Court's explanation of this principle in the context of racial discrimination is also applicable here:

> For example, racial slurs by a decisionmaker constitute direct evidence of racial discrimination that is sufficient to allow a plaintiff's case to proceed to the jury. In a case involving direct evidence of discrimination, the plaintiff always bears the burden of persuading the trier of fact that the employer acted with illegal discriminatory animus. Whatever the nature of the challenged employment action, the plaintiff must establish direct proof that the discriminatory animus was causally related to the decisionmaker's action. Under such circumstances, the case ordinarily must be submitted to the factfinder for a determination whether the plaintiff's claims are true. [*Graham*, 237 Mich App at 677 (citations omitted).]

The alleged comments demonstrating age bias on which plaintiff relies in the instant case were not attributable to anyone plaintiff claims to have had any authority over the decision to terminate her employment. As explained above, plaintiff has not provided any evidence that Lawrence was a decisionmaker with respect to the challenged employment decision—i.e., the termination of plaintiff's employment. Thus, the discriminatory comments allegedly made by Lawrence do not constitute direct evidence of age discrimination under these circumstances. *Id*.; *Major*, 316 Mich App at 542-544.

-4-

Additionally, we analyze the relevance of these comments to plaintiff's claim by turning to authority from this Court addressing so-called "stray remarks." This Court has held that the following "factors" should be reviewed by courts in assessing "the relevancy of "stray remarks" in employment discrimination cases:

(1) Were the disputed remarks made by the decisionmaker or by an agent of the employer uninvolved in the challenged decision? (2) Were the disputed remarks isolated or part of a pattern of biased comments? (3) Were the disputed remarks made close in time or remote from the challenged decision? (4) Were the disputed remarks ambiguous or clearly reflective of discriminatory bias? [*Krohn v Sedgwick James of Mich, Inc*, 244 Mich App 289, 292; 624 NW2d 212 (2001).]

Here, Lawrence was not a decisionmaker with respect to the termination of plaintiff's employment, and her alleged comments reflecting age bias were made months before plaintiff's termination and when plaintiff worked in a different branch. Although these comments may have been part of a pattern that existed during plaintiff's time at the Ferndale branch, plaintiff does not cite any record evidence indicating that comments reflecting age bias continued or were pervasive at the next two branches where plaintiff was employed.

Even if we assume that Lawrence's alleged remarks were clearly reflective of discriminatory age bias, and not merely ambiguous, the other three factors weigh heavily in favor of concluding that the comments were sufficiently attenuated from the termination decision to be considered stray remarks that were irrelevant to demonstrating that plaintiff was terminated based on age discrimination. *Id*. at 292, 301; see also *Major*, 316 Mich App at 547-548 (stating that there is no direct evidence of employment discrimination if the alleged discriminatory conduct argued by the plaintiff to constitute direct evidence is attributable to someone other than the supervisor or decisionmaker responsible for the challenged adverse employment decision). Accordingly, these alleged statements regarding plaintiff's age did not constitute direct evidence creating a genuine issue of material fact regarding plaintiff's disparate treatment claim. Plaintiff also has not demonstrated an evidentiary basis for finding a causal connection between Lawrence's alleged discriminatory animus and the decision to terminate plaintiff's employment. *Graham*, 237 Mich App at 677.

Furthermore, plaintiff does not claim to have provided any direct evidence of age-related discriminatory comments by defendant's management employees who actually decided to terminate her employment and has not demonstrated any causal connection between age discrimination and her termination from employment. See *id*.; *Major*, 316 Mich App at 542 ("In cases of both direct and indirect evidence, a plaintiff must establish a causal link between the discriminatory animus and the adverse employment decision.") (quotation marks and citation omitted). Hence, plaintiff has not presented direct evidence in support of her age discrimination claim because there is no "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Major*, 316 Mich App at 540 (quotation marks and citation omitted).

Without direct evidence of age discrimination, plaintiff's claim must be analyzed under the *McDonnell Douglas* burden-shifting framework. *White v Dep't of Transp*, 334 Mich App 98, 107; 964 NW2d 88 (2020). Under this approach, plaintiff is first required to set forth a prima facie

case. *Id*. at 107-108. The elements of the prima facie case "should be tailored to fit the factual situation at hand" because the facts of each discrimination case "will necessarily vary." *Hazle*, 464 Mich at 463 n 6.

Plaintiff argues that she has set forth a prima facie case, claiming that she was terminated from her employment because of her age.[2] Consequently, to set forth a prima facie case, "plaintiff was required to present evidence that (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) the job was given to

---

[2] To the extent plaintiff implies that there was evidence of age discrimination because Lawrence made age-related comments and enforced various policies more strictly against plaintiff with disciplinary action than other younger employees, this argument is not factually supported by the record. Plaintiff admitted in her deposition that she did not have any actual knowledge whether other younger employees were disciplined, reprimanded, or counseled regarding policy violations. Plaintiff thus failed to provide any evidence that she was subjected to disparate treatment based on age with respect to workplace policies in comparison to other similarly situated younger employees. See *Major*, 316 Mich App at 548 (stating that there was no evidence of disparate treatment based on gender where the female plaintiff did not provide any evidence that similarly situated male employees were treated differently with respect to the challenged employment action).

Additionally, to the extent plaintiff also argues that she was subject to age discrimination because she received less training than other similarly situated employees at the Ferndale branch while Lawrence was plaintiff's supervisor, plaintiff did not identify any other employee with her same position and level of experience (i.e., she did not identify any employees with the same relevant training needs) to which her training circumstances could be compared; in her deposition, plaintiff named two or three employees at the Ferndale branch who she apparently believed to have received more training than plaintiff, but plaintiff admitted that neither of these employees had the same job title as plaintiff and plaintiff also does not claim that any of these employees were new employees like plaintiff. As our Supreme Court explained in *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 608; 886 NW2d 135 (2016):

> A plaintiff can attempt to prove discrimination by showing that the plaintiff was treated unequally to a similarly situated employee who did not have the protected characteristic. An employer's differing treatment of employees who were similar to the plaintiff in all relevant respects, except for their race, can give rise to an inference of unlawful discrimination. In order for this type of "similarly situated" evidence alone to give rise to such an inference, however, our cases have held that the "comparable" employees must be "nearly identical" to the plaintiff in all relevant respects. [Citations omitted.]

Accordingly, to the extent plaintiff raised these arguments, plaintiff has not presented indirect evidence of disparate treatment, *id*; *Major*, 316 Mich App at 548, nor has plaintiff presented evidence that if believed "requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions," such that it would constitute direct evidence of discrimination. *Major*, 316 Mich App at 540 (quotation marks and citation omitted).

another person under circumstances giving rise to an inference of unlawful discrimination." *White*, 334 Mich App at 108 (quotation marks and citation omitted).

"[O]nce a plaintiff establishes a prima facie case of discrimination, the defendant has the opportunity to articulate a legitimate, nondiscriminatory reason for its employment decision in an effort to rebut the presumption created by the plaintiff's prima facie case." *Id*. (quotation marks and citation omitted; alteration in original). "If the defendant gives a legitimate, nondiscriminatory reason for the employment decision, the presumption of discrimination is rebutted, and the burden shifts back to the plaintiff to show that the defendant's reasons were not the true reasons, but a mere pretext for discrimination." *Id*. (quotation marks and citation omitted).

Here, assuming without deciding that plaintiff's evidence was sufficient to set forth a prima facie case, there is record evidence showing that plaintiff's employment was terminated based on unprofessional conduct and repeated attendance problems. As plaintiff admitted in her deposition, she told her supervisor at the Campus Martius branch that she had left the building when she was questioned about her whereabouts during work hours. She continued to have problems with arriving late to work while working at this branch. Because there was evidence supporting defendant's asserted legitimate, nondiscriminatory reason for terminating plaintiff's employment, the question becomes whether plaintiff presented evidence that this reason was a pretext. *Id*. Notably, "a plaintiff must not merely raise a triable issue that the employer's proffered reason was pretextual, but that it was a pretext *for [unlawful] discrimination*." *Hazle*, 464 Mich at 465-466 (quotation marks and citations omitted; emphasis added; alteration in original). This Court has stated that a

> plaintiff can establish that a defendant's articulated legitimate, nondiscriminatory reasons are pretexts (1) by showing the reasons had no basis in fact, (2) if they have a basis in fact, by showing that they were not the actual factors motivating the decision, or (3) if they were factors, by showing that they were jointly insufficient to justify the decision. [*Major*, 316 Mich App 527, 542; 892 NW2d 402, 413–14 (2016) (quotation marks and citation omitted).]

Although plaintiff in the instant case argues that there is evidence that defendant's asserted reason for terminating her—lack of professionalism and attendance—was not actually the reason she was terminated, plaintiff does not present any evidence from which it could be inferred that defendant's asserted reason for terminating her employment was a pretext for unlawful age discrimination. She has not presented any evidence of discriminatory age bias on the part of the individuals responsible for deciding to terminate her employment or any causal connection between her termination and any alleged age discrimination. See *id*. at 542. Plaintiff admitted in her deposition that she did not think her age played a role in her termination from employment. Plaintiff does not direct our attention to any evidence that would tend to demonstrate that defendant's asserted reason for terminating plaintiff's employment was without a basis in fact, not the actual reason for her termination, or insufficient to justify her termination. *Id*. Plaintiff does not cite any record evidence creating a genuine issue of material fact that defendant's reason was a pretext for unlawful discrimination based on age. *Hazle*, 464 Mich at 465-466. As our Supreme Court has explained regarding the question of pretext, "[t]he plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether

discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Id*. at 476 (quotation marks and citation omitted).

We acknowledge plaintiff's attempt to rely on evidence related to her obtainment of unemployment benefits, but this does not change our conclusion. Plaintiff asserts that after defendant told her that she was being terminated for a lack of professionalism and attendance issues, defendant initially informed the Unemployment Insurance Agency (UIA) that plaintiff had quit her employment for personal reasons before reverting to "policy violations" as a reason for terminating plaintiff's employment. Plaintiff additionally notes that the UIA was not provided evidence of misconduct. Furthermore, plaintiff maintains that this is evidence of defendant's changing rationale or "after-the-fact justification" for her termination that demonstrates pretext.

As a general matter, "[t]he Michigan Employment Security Act, MCL 421.1 et *seq*., prohibits the use of information and determinations elicited during the course of an unemployment proceeding before [Michigan's Unemployment Insurance Agency (MUIA)] in a subsequent civil proceeding unless the MUIA is a party to or complainant in the action." *Bodnar v St John Providence, Inc*, 327 Mich App 203, 232; 933 NW2d 363 (2019), citing MCL 421.11(b)(1)(*iii*); *Storey v Meijer, Inc*, 431 Mich 368, 376; 429 NW2d 169 (1988). A party must proffer "substantively admissible" evidence sufficient to create a genuine issue material fact and survive summary disposition. *Maiden v Rozwood*, 461 Mich 109, 121, 123-124, 124 n 6; 597 NW2d 817 (1999).

Ignoring the existence of the rule cited above from *Bodnar*, plaintiff in this case does not provide any argument, explanation, or legal authority to support a conclusion that plaintiff's proposed UIA evidence would be admissible or that the trial court somehow erred by not considering it. Therefore, any such argument is abandoned. "Generally, where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (quotation marks and citation omitted). "It is not enough for an appellant in [her] brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for [her] claims, or unravel and elaborate for [her her] arguments, and then search for authority either to sustain or reject [her] position." *Id*. (quotation marks and citation omitted).

Moreover, even if this evidence were admissible, at most, it is merely evidence that defendant's reason for termination plaintiff's employment was potentially false; without evidence that defendant's asserted reason was a pretext *for unlawful discrimination*, which has not been presented in this case, it is insufficient to create a genuine issue of material fact. *Hazle*, 464 Mich at 465-466, 476.

Accordingly, the trial court did not err by granting summary disposition in defendant's favor on plaintiff's disparate treatment claim.

## B. HOSTILE WORK ENVIRONMENT

Next, plaintiff argues that she was subjected to a hostile work environment as a result of the negative age-based comments she experienced from her coworkers and supervisors on a daily basis.

A cause of action exists for a claim of harassment or hostile work environment based on any of the listed classifications in MCL 37.2202(1)(a), including age. *Major*, 316 Mich App at 549; *Downey*, 227 Mich App at 627. There are five necessary elements for establishing a prima facie case of discrimination predicated on a hostile work environment:

> (1) the employee belonged to a protected group; (2) the employee was subjected to communication or conduct on the basis of [her protected status]; (3) the employee was subjected to unwelcome . . . conduct or communication [involving her protected status]; (4) the unwelcome . . . conduct was intended to or in fact did substantially interfere with the employee's employment or created an intimidating, hostile, or offensive work environment; and (5) respondeat superior. [*Quinto v Cross & Peters Co*, 451 Mich 358, 368-369; 547 NW2d 314 (1996) (quotation marks and citation omitted; alterations and ellipses in original).]

However, an employer may "avoid liability" in a hostile work environment action under the ELCRA, involving allegations against either a coworker or supervisor, if the employer "adequately investigated and took prompt and appropriate remedial action upon notice of the alleged hostile work environment." *Chambers v Trettco, Inc*, 463 Mich 297, 312; 614 NW2d 910 (2000) (quotation marks and citations omitted). The "relevant inquiry concerning the adequacy of the employer's remedial action is whether the action reasonably served to prevent future harassment of the plaintiff." *Id*. at 319. "[I]t is the plaintiff's burden to prove that the employer failed to take prompt and adequate remedial action upon reasonable notice of the creation of a hostile environment, even where the harassing conduct is committed by a supervisor." *Id*. at 315-316.

Here, assuming without deciding that plaintiff's claims about the alleged negative age-based treatment she experienced constituted evidence of a hostile work environment under the applicable objective standard, see *Quinto*, 451 Mich at 369 & n 8,[3] plaintiff's evidence of an alleged hostile work environment based on age bias was limited to her tenure at the Ferndale branch. Plaintiff testified about an environment of negative age bias directed toward her by her coworkers and supervisor at the Ferndale branch. However, plaintiff was transferred to a different branch in accordance with her request, and plaintiff expressly admitted in her deposition that she did not experience any further harassment based on her age after being transferred from the Ferndale branch. On appeal, plaintiff ignores this evidence and mischaracterizes the record

---

[3] Our Supreme Court has made it clear that determining whether a hostile work environment existed is an objective inquiry that involves examining the totality of the circumstances. *Quinto*, 451 Mich at 369 n 8. Specifically, "whether a hostile work environment was created by the unwelcome conduct shall be determined by whether a reasonable person, in the totality of circumstances, would have perceived the conduct at issue as substantially interfering with the plaintiff's employment or having the purpose or effect of creating an intimidating, hostile, or offensive employment environment." *Id*. at 369 (quotation marks and citation omitted). We need not address whether plaintiff's evidence satisfied this standard in this case because even if it did, plaintiff has not demonstrated that the trial court erred by granting summary disposition in favor of defendant on this claim, as explained in the body of this opinion.

evidence by claiming that plaintiff continued to experience disparate treatment and hostility. Plaintiff does not provide any argument on appeal to explain how her transfer was not an adequate remedial measure to prevent future harassment and thus has abandoned any claim that defendant responded inadequately such that it could potentially be liable for this hostile work environment claim. *Chambers*, 463 Mich at 312, 315-316, 319; *Yee*, 251 Mich App at 406.

Finally, although plaintiff's complaint involved a retaliation claim, we do not understand plaintiff's appellate brief to have developed any cogent argument supported by relevant legal authority to demonstrate that the trial court erred by dismissing this count. We therefore consider any such argument abandoned. *Yee*, 251 Mich App at 406.

Affirmed. Defendant having prevailed is entitled to costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ Noah P. Hood